UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20769-CIV-UU

EMILIO PINERO,

    Plaintiff,

v.

ARMAND PROPERTIES 1, INC.,

    Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant, Armand Properties 1, Inc., by and through its attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff's Fist Amended Complaint, and states as follows:

1.    Defendant admits the allegations contained in paragraphs 1 and 8 for jurisdictional purposes. All other allegations contains therein are denied.

2.    Defendant can neither admit nor deny the allegations contained in paragraphs 2, 10, 13 and 17 for want of information.

3.    Defendant admits the allegations contained in paragraphs 3 and 4.

4.    Defendant can neither admit nor deny the allegations contained in paragraphs 5 and 18 because they call for legal conclusions.

5.    Defendant denies the allegations contained in paragraphs 6, 7, 9, 11, 12 (including subparagraphs I through vii), and 14 through 16.

## AFFIRMATIVE DEFENSES

1.    Plaintiff lacks standing to bring the causes of action asserted in the First Amended Complaint, and to the extent he has standing, Plaintiff lacks standing to challenge any alleged

barriers for which he has failed to explain as to how each asserted barrier impaired his ability to access the property or impaired his alleged enjoyment of same at the time of his visit or thereafter.

2. Defendant will make or cause to be made those accommodations which readily achievable or offer alternative methods which are readily achievable, easily accomplishable, technically feasible provided the as to each of the same, that provision would not create safety hazards, and/or result in an undue burden on Defendant and others.

3. Plaintiff's claims are barred by the doctrines of failure of conditions precedent, estoppel or waiver as Plaintiff failed to take measures to learn of or use the accessible features at the property. Further, Plaintiff failed to request any adaptions, modifications, alternative services, or other changes to the property prior to initiating the lawsuit.

4. Defendant did not intentionally impede or impair access to Plaintiff and alleges that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

5. Upon information and belief, if assuming *arguendo* that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimus*, within applicable construction tolerances and did not impair Plaintiff's use of the property.

6. Upon information and belief, Plaintiff's claims are barred in whole or in part, because Plaintiff was not a bona fide patron of the property.

7. Plaintiff's ADA claims are barred, in whole or in part, to the extent that he is not a qualified individual with a disability entitled to relief for purposes of the ADA.

8. Plaintiff's claims are barred to the extent that he is a vexatious litigant.

9. Plaintiff is not entitled to injunctive relief because he has failed to show a real and immediate threat of future harm. Plaintiff has not alleged how many times he has visited the property prior to filing suit and his allegation that he intends to return to the property is too speculative to demonstrate that he faces a real and immediate threat of future harm.

10. Plaintiff's First Amended Complaint should be dismissed because a Plaintiff may not create standing where it does not otherwise exist simply by alleging that he is a "tester" to ensure ADA compliance.

11. Plaintiff's entry onto places of public accommodation does not automatically confer upon Plaintiff a presumption that he was injured by any architectural barriers therein. Plaintiff cannot prove that he was in fact injured, or subject to discrimination as a result of alleged violations.

WHEREFORE, Defendant, Armand Properties 1, Inc., respectfully requests this Honorable Court enter judgment in its favor, awarding Subway its reasonable attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of May, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>GOLDEN & GRIMES LLP
>*Attorneys for Defendant*
>9350 South Dixie Highway
>PH II
>Miami, Florida 33156
>Phone: (305) 670-4421
>Fax: (305) 670-4353
>
>By: ___s/Yasir Billoo_____
>**Yasir Billoo**
>Florida Bar No.: 0718351

## SERVICE LIST
*Emilio Pinero v. Armand Properties 1, Inc.*
Case No.: 14-20769-CIV-UU

**Lauren N. Wassenberg, Esq.**
429 Lenox Ave
Suite P503
Miami Beach, FL 33139
Phone: 305-537-3723
Fax: 1-866-519-3748
Email: wassenbergl@gmail.com